# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| RONNIE QUENTIN BROWN, ) <br> No. 415080, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BRUCE WESTBROOKS, *et al.*, ) <br> ) <br> Defendants. ) | No. 3:17-cv-00686 <br> Judge Trauger |

## **M E M O R A N D U M**

By order and memorandum entered on May 5, 2017, the court granted the *pro se* plaintiff's application to proceed *in forma pauperis* and dismissed this action, finding that the complaint failed to state a claim under 42 U.S.C. § 1983 upon which relief could be granted against any named defendant. (Docket Nos. 8 and 9). More particularly, the court found that the plaintiff's claims for monetary damages against the defendants in their official capacities are barred by the Eleventh Amendment; the plaintiff's claims based on any defendant's failure to respond to the plaintiff's grievances do not state a claim upon which relief can be granted; and the plaintiff's due process claims fail as a matter of law. (Docket No. 8 at pp. 3-5).

The plaintiff now has filed a *pro se* "Motion for Reconsideration" (Docket No. 13) of the court's prior order and memorandum in which he essentially asks the court to reconsider its decision to dismiss his case.

Because there is no federal procedural rule permitting a "motion for reconsideration," the court construes the plaintiff's filing (Docket No. 13) as a motion to alter or amend judgment under Rule 59(e), *Fed. R. Civ. P.* Motions to alter or amend judgment may be granted if there is a clear

error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).

The court has considered the plaintiff's arguments and reviewed all relevant material in the record, including the plaintiff's previously filed "motion to be able to amend the civil case if new or unfound evidence comes about."[1] (Docket No. 5). The plaintiff's motion sought permission from the court to amend his complaint "if" he found "new evidence"; the plaintiff did not seek to amend his complaint to add claims based on newly discovered evidence or even to add different theories than those theories the plaintiff presented in his original complaint. Even now the plaintiff does not seek to amend his original complaint to add new allegations based on newly discovered evidence. The court cannot issue advisory opinions. *See United Pub. Workers of Am. (C.I.O.) v. Mitchell*, 330 U.S. 75, 89, 67 S. Ct. 556, 91 L.Ed. 754 (1947). In other words, the court cannot rule on matters that are not presently pending before the court. The court screened the plaintiff's complaint as submitted pursuant to the Prison Litigation Reform Act.

The plaintiff does not allege that there has been an intervening change in controlling law that would require the court to revisit its analysis. Instead, he first insists that his complaint should not be dismissed because he does not have "full time access" to a law library or to legal advice. (Docket No. 13 at p. 1). While in administrative segregation, the plaintiff has access to a law library and to a legal aid; even though he believes it is a "hardship" to wait a week to receive case law or "to fill out request forms to see a legal aid," the plaintiff does not claim that he lacks access to the court. (*Id.*) The plaintiff's complaint was timely filed and legible, and the court understood the plaintiff's allegations. The court dismissed the plaintiff's claims because his allegations, even if all true, did

---

[1]The plaintiff states that the court "overlooked [his] motion to amend . . ." (Docket No. 13 at p. 8).

not state claims upon which relief could be granted under federal law.

Next, the plaintiff asserts that the court erred in dismissing his due process claims. (*Id*. at pp. 2-9). With regard to these claims, the court explained in its prior memorandum that

> [t]he filing of false disciplinary charges against an inmate does not constitute a constitutional violation redressable under § 1983. *Person v. Campbell*, No. 98-5638, 1999 WL 454819, at *1 (6th Cir. June 21, 1999)(citation omitted). A prison disciplinary proceeding does not give rise to a protected liberty interest unless the restrictions imposed constitute an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Confinement to segregation, the loss of privileges, fines, and restitution do not constitute an atypical and significant hardship in the context of prison life. *See Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986). *See Upshaw v. Jones*, 2015 WL 348626, at *4 (W.D. Tenn. Jan. 26, 2015)(finding no violation of inmate's due process rights when corrections officer assigned inmate to segregation as punishment prior to inmate's disciplinary hearing).

(Docket No. 8 at pp. 4-5). In his motion to reconsider, the plaintiff maintains that, because he "never received a formal disciplinary charge," the court's analysis falls short. According to the plaintiff, the Warden placed the plaintiff on administrative segregation based on the investigation by and the false report of Andrew Brown. (Docket No. 13 at p. 2). In other words, the Warden moved the plaintiff to segregation during the investigation of a disciplinary incident that could have resulted in disciplinary charges against the plaintiff and a subsequent disciplinary hearing on those charges.

As the court explained previously, an inmate does not have a liberty interest in a particular security classification or in freedom from segregation. *Miller v. Campbell*, 108 F. Supp.2d 960, 963 (W.D. Tenn. 2000)(citations omitted). The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a

prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). In *Sandin v. Conner*, 515 U.S. 472, 484 (1995), the Court set forth the standard for determining when a prisoner's loss of liberty implicates a federally cognizable liberty interest protected by the Due Process Clause. According to the *Sandin* Court, a prisoner is entitled to the protections of due process only when a deprivation "will inevitably affect the duration of his sentence" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 486-87; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Rimmer-Bey v. Brown,* 62 F.3d 789, 790-91 (6th Cir. 1995).

Confinement in administrative segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 467-73 (1983). Thus, it is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 Fed.Appx. 865, 868 (6th Cir. 2010). Generally, courts will consider the nature and duration of a stay in segregation to determine whether it imposes an "atypical and significant hardship." *Harden–Bey v. Rutter*, 524 F.3d 789, 794 (6th Cir. 2008). In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484. Similarly, the Sixth Circuit has held that placement in administrative segregation for a relatively short period of time does not require the protections of due process. *Rimmer-Bey*, 62 F.3d at 790-91; *see Joseph v. Curtin*, 410 Fed.Appx. 865, 868 (6th Cir. 2010) (61 days in segregation is not atypical and significant). The Sixth Circuit also has held, in specific circumstances, that confinement in segregation for a relatively long period of time does not implicate a liberty interest. *See, e.g., Baker*, 155 F.3d at 812-23 (two years of segregation while the inmate was investigated for the murder of a prison guard in a riot); *Mackey*

*v. Dyke*, 111 F.3d 460 (6th Cir. 1997) (one year of segregation following convictions for possession of illegal contraband and assault, including a 117-day delay in reclassification due to prison crowding). *But cf. Selby v. Caruso*, 734 F.3d 554, 559 (6th Cir. 2013) (13 years of segregation implicates a liberty interest); *Harden-Bey*, 524 F.3d at 795 (remanding to the district court to consider whether the plaintiff's allegedly "indefinite" period of segregation, *i.e.*, three years without an explanation from prison officials, implicates a liberty interest); *Harris v. Caruso*, 465 Fed.Appx. 481, 484 (6th Cir. 2012) (eight years of segregation implicates a liberty interest). Here, the plaintiff's allegations pertaining to his segregation do not at this time rise to the level of an atypical and significant hardship. The plaintiff has failed to state a claim for violation of his Fourteenth Amendment due process rights.

The plaintiff further states that he did not receive written notice of his change in placement or a due process hearing at which he could challenge the accusations made against him again, both of which are required by "policy 404.10(2)(c)." (Docket No. 13 at p. 2). He also states that the defendants did not follow "policy 502.01." (*Id.* at p. 5). While the court can understand the frustration the plaintiff is experiencing, the law states that alleged violations of facility policies are not actionable under § 1983. *See Upshaw*, 2015 WL 348626, at *4; *Levine v. Torvik*, 986 F.2d 1505, 1515 (6th Cir. 1993), overruled in part on other grounds by *Thompson v. Keohane*, 516 U.S. 99, 111 (1995).

Further, the plaintiff alleges that his placement in administrative segregation deprives him of the opportunity to participate in educational programs, subjects him to longer "lock-in" times, restricts his contact with other inmates, and subjects him to "extreme security measures such as frequent cell and body searches." (Docket No. 13 at pp. 2-3). The plaintiff claims these conditions

5

constitute "an atypical hardship." However, prisoners have no constitutionally cognizable right to participate in rehabilitative or educational programs. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989); *Kenner v. Martin*, 648 F.2d 1080, 1081 (6th Cir. 1981)(*per curiam*); *Carter v. Corrs. Corp. of Am.*, No. 98-6336, 1999 WL 427352, at *1 (6th Cir. June 15, 1999).

Placement in segregation is a routine discomfort that is "'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting Rhodes, 452 U.S. 337, 347 (1981)); *see also Jones v. Waller*, No. 98-5739, 1999 WL 313893, at *2 (6th Cir. May 4, 1999). The plaintiff here has not alleged that he is being denied basic human needs and requirements. The Sixth Circuit has held that, without a showing that basic human needs were not met, the denial of privileges as a result of administrative segregation cannot establish an Eighth Amendment violation. *See Evans v. Vinson*, 427 Fed.Appx. 437, 443 (6th Cir. 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795 (6th Cir. 2008).

Finally, the plaintiff argues that he has the "right to prove" his innocence "for the law of America is innocent until proven guilty . . . ." (Docket No. 13 at p. 6). However, the disciplinary infractions for which the plaintiff is being investigated are not the equivalent of state or federal criminal charges against the plaintiff. "The constitutional adequacy of these [prison disciplinary] proceedings is not to be measured by the requirements of a criminal prosecution, for the full panoply of procedural due process rights do not apply to the administration of prison discipline." *Crafton v. Luttrell*, 378 F. Supp. 521, 526 (M.D. Tenn. 1973)(citations omitted).

For all of the above reasons, the plaintiff's motion to alter or amend (Docket No. 13), construed by the court as motion to alter or amend judgment under Rule 59(e), *Fed. R. Civ. P.*, will be denied.

It is so **ORDERED.**

ENTER this 5th day of September 2017.

_____
Aleta A. Trauger
United States District Judge